## EDWIN P. KIEFFER v. WISCONSIN RAILWAY, LIGHT & POWER COMPANY AND ANOTHER.[1]

### June 1, 1917.

### Nos. 20,305—(129).

**Electricity — directed verdict sustained.**

In this action to recover for personal injuries sustained by plaintiff from contact with electric wires operated by defendant, it is *held* that the evidence showed no liability, and the court correctly directed a verdict for defendant.

Action in the district court for Winona county to recover $30,000

[1]Reported in 162 N. W. 1065.

for personal injuries. The separate answer of defendant corporation alleged that plaintiff was a trespasser upon the building in question, that his work thereon was without authority of defendant company, and if he was injured it was due to his culpable and wilful negligence. The case was tried before Granger, J., who at the close of the testimony granted defendants' motion to direct a verdict in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Webber & Lees,* for respondents.

BUNN, J.

This is a personal injury action in which, at the close of the testimony, the court directed a verdict for the defendant. This appeal is by plaintiff from an order denying a new trial.

The question is whether a case was made for the jury. The evidence proved or tended to prove the following facts: Defendant owns and operates an electric power plant at Winona, from which plant it transmits power and light throughout the city of Winona and outside points in Minnesota and Wisconsin. It operates a transmission line from Winona to Minnesota City and from there across the Mississippi river to Fountain City, in Wisconsin. Years ago another company erected a water power plant at Minnesota City. It became bankrupt, and the building became the property of defendant. It was not operated, and for many years had been in disuse. The transmission line, as it extends through Minnesota City to Fountain City, passes this old building, and is supported at this point upon an arm extending out from the top of the building at one corner. There remained in the old building some of the disused machinery, gears and shafting. One Todd claimed to have purchased this from defendant, and with plaintiff, his employee, entered upon the premises, to remove some of the machinery. Plaintiff was attempting to remove a piece of shafting located in the second story of the main building and supported upon iron brackets some 4 feet above the floor. It was necessary to saw this shafting, and impossible to complete the job without turning it, which plaintiff was unable to do. He sought a wire or some material to wrap about the shafting

137 M—8

so as to apply a crowbar to turn it. The building stood at the foot of a hill, and a portion of it was 2 stories high. Plaintiff had seen, as he approached the building from the hill, a coil of wire cable lying on the roof of the two-story portion. It occurred to him to get this cable to use in turning the shafting. He climbed out of a window near where the shafting was upon a portion of the building that was one-story high, and, by stepping upon the coping and taking hold of the arm that supported the transmission wires, climbed to the top of the two-story portion. He found the cable, which was twisted and coiled. In attempting to straighten it out and throw it down to the roof of the lower part of the building, plaintiff succeeded in getting "connected" with the transmission wires, with the result that he lost consciousness and when he came to was lying on the ground 30 feet below. It is for the injuries thus received that plaintiff seeks in this action to impose liability upon the defendant.

Plaintiff testified that he had no knowledge that the transmission wires were charged with electricity, believing them to be a part of the old equipment of the building. He had not been warned of the danger from contact with them. The wires carried a heavy voltage, and the insulation was not sufficient to prevent the electricity leaving the wires upon contact. This may all be conceded, but the building was in a more or less deserted place, and defendant could not anticipate that anyone would climb to the top and come in contact with the wires any more than if they had been fastened to poles in the usual way. There is no evidence that its officers knew that Todd or the plaintiff were at work in the building, much less that either would have occasion to visit the roof. We also concur with the trial court that plaintiff was a trespasser when he climbed to the roof of the two-story building. We do not say that there would not be an implied invitation to use the lower roof for the purpose of getting material from the second floor, but there was no danger from the wires in this, as it would take a special effort to reach them. We see no invitation to get upon the higher roof for any purpose, and, as we have said, no reason why defendant could anticipate that that would be done. Of course it is true, conceding that there was a duty to further insulate the wires at this point, and if defendant ought to have anticipated that an injury might

occur from the lack of proper insulation or the failure to warn, that it is immaterial that it could not anticipate the particular accident that happened. The trouble is that defendant could not reasonably anticipate any accident at this point. It is plainly a case of no liability.

Order affirmed.